UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LEONARD CUMMINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO:  1:21-cv-02788 |
| | ) | |
| TOWN OF KNIGHTSTOWN, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, LEONARD CUMMINGS, by counsel, pursuant to Rule 3 of the Federal Rules of Civil Procedure, and files hereafter his Complaint against the Defendant, TOWN OF KNIGHTSTOWN, hereinafter Defendant, and shows the Court as follows:

## JURISDICTION AND VENUE

1.      This suit is brought, and jurisdiction lies pursuant to §28 U.S.C. § 1331. This is an action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981 race discrimination and retaliation under Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) and I.C. § 22-9-1-3.

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division. Therefore, venue is proper within this District and Division pursuant to 28 U.S.C. §1391(b)(2).

1

3.     This Court has Supplemental jurisdiction over any state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is proper as the state law claims for negligence arise out of the same transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over any state law matters alleged in this Complaint.

## PARTIES

4.     The Plaintiff is an African American, male citizen of the United States, and is a qualified employee as defined in Section 701(f) of Title.

5.     At all time relevant hereto Plaintiff was an "employee" of the Defendant, as that term is defined in Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e(f), and/or the Indiana Civil Rights Law, Ind. Code § 22-9-1-3(i).

6.     The Defendant is a qualified employer as the term is defined in Section 701(f) of Title VII.

7.     The Defendant is a government unit of the State of Indiana, and at all times relevant hereto, was an "employer" as that term is defined in Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e(b), and/or the Indiana Civil Rights Law, Ind. Code § 22-9-1-3(h).

## ADMINISTRATIVE PROCEDURES

8.     On or about December 14, 2020, Plaintiff filed charges of discrimination and retaliation for reporting discrimination, alleging violations of Title VII with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 470-2021-00509

9.     On or about October 18, 2021, Plaintiff received a Notice of Right to Sue from the EEOC for Charge Number 470-2021-00509, entitling him to commence action within ninety

(90) days of his receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".

10.     The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## FACTS

11.     In August of 2020 Defendant hired Plaintiff as a part time school resource officer.

12.     On or about September 17, 2020, Plaintiff was moved to a full-time position.

13.     Throughout his employment with Defendant, Plaintiff met or exceeded Defendant's legitimate expectations for performance.

14.     Throughout his employment, Plaintiff's work was supervised by Chief Frank Beatrice.

15.     During his training, Chief Beatrice made numerous racial remarks to Plaintiff, including but not limited to statements that Plaintiff was articulate and "one of the good ones," that people from Indianapolis where too Ghetto and not welcome in Knightstown, and that African American kids would get picked up by cops on the street.

16.     Plaintiff told Chief Beatrice that he was uncomfortable with the comments being made.

17.     After another African American officer was hired, Chief Beatrice made remarks to Plaintiff including but not limited to statements that Plaintiff's fellow officer talked "too black," wrote "too ghetto," and that Plaintiff was fine because he "wrote white."

18.     Plaintiff was reprimanded for making his own hours as a school resource officer, despite working the same hours as Plaintiff's fellow white resource officer.

19.     After starting full-time on September 17, 2020, Plaintiff received treatment different than the other white officers.

20.     Plaintiff was expected to share an old vehicle with the other African American employee, the vehicle had bald tires and operation issues, and would be told to use his personal vehicle to patrol.

21.     Plaintiff was provided an old uniform with holes and damages and provided an expired vest, while other officers were provided new vests.

22.     Plaintiff was reprimanded for behavior permitted by the other officers, including clocking in from the service vehicle as opposed to the police station and body camera malfunctions.

23.     On or about October 16, 2020, Plaintiff was working nights and was informed by Chief Beatrice, that Plaintiff would have to attend firearm and vehicle training following his 12-hour night shift. White officers employed by defendant were not expected to complete this training following a full night shift.

24.     On or about October 25, 2020, Plaintiff reported race discrimination to a town council member.

25.     On or about November 10, 2020, Plaintiff was notified via text that he should not return to work.

26.     On or about November 16, 2020, Plaintiff filed a formal complaint with the town manager, reporting Defendant's racial discrimination.

27.      Plaintiff received no further communication from Defendant until after his termination had been reported in the local newspaper.

## COUNT I

## DISCRIMINATION ON THE BASIS OF RACE

28.    Plaintiff hereby incorporates by reference paragraphs 1 through 27 as though previously set out herein.

29.    The Defendant discriminated against the plaintiff due to his race.

30.    By the conduct described hereinabove, the Defendant has willfully and intentionally, with malice or reckless disregard of Plaintiff's rights as an African American employee, engaged in unlawful and discriminatory employment practices including retaliation for reporting racial discrimination, materially affecting, and altering the terms and conditions of his employment, in violation of Title VII.

31.    Plaintiff has suffered emotional and economic damages because of Defendant's unlawful actions.

## COUNT II

## UNLAWFUL RETALIATION

32.    Plaintiff hereby incorporates by reference paragraphs 1 through 31 as though previously set out herein.

33.    Plaintiff reported race discrimination to the Defendant.

34.    The Defendant retaliated against Plaintiff for reporting discrimination by changing the conditions of his employment and removing him from his employment in violation of Title VII.

35.    Plaintiff has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, MR. CUMMINGS, respectfully requests that this Court enter judgment in his favor and:

a.  Order Defendant to pay Plaintiff his lost wages, unpaid bonuses and other economic benefits lost as a result of Defendant's unlawful acts;

b.  Reinstatement to the position, salary and seniority level to which he would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c.  Pay compensatory damages;

d.  Pay punitive damages;

e.  Pay liquidated damages

f.  Pay lost future wages

g.  Pay all costs and attorney's fees incurred as a result of bringing this action;

h.  Payment of all pre- and post-judgment interest;

i.  Provide to Plaintiff all other legal and/or equitable relief this Court sees fit to grant.

## **DEMAND FOR JURY TRIAL**

The Plaintiff, MR. CUMMINGS, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted:

*/s/ Leah N. Miller*
Leah N. Miller #36903-29
Darron S. Stewart #21114-29
STEWART & STEWART ATTORNEYS
931 S. Rangeline Rd.
Carmel IN 46032
Phone:(317) 846-8999
Fax: (317) 843-1991
Leahm@getstewart.com
Attorneys for Plaintiff,
Leonard Cummings